UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

**IN ADMIRALTY**

CASE NO. _____

CERTAIN UNDERWRITERS AT LLOYDS
OF LONDON SUBSCRIBING TO
POLICY NO. B0799MC024570k,
Foreign Corporations,

    Petitioner,

v.

FLORIDA BREWERY INC.,
a Florida corporation.

    Respondent.
_____/

**PETITION FOR DECLARATORY RELIEF**

Petitioner, CERTAIN UNDERWRITERS AT LLOYDS OF LONDON SUBSCRIBING TO POLICY NO. B0799MC024570k ("Underwriters"), individually and collectively foreign corporations, by and through its undersigned attorneys, files this Petition for Declaratory Relief and states:

**NATURE AND SUBJECT OF ACTION**

1. This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201.

2. This is also an action in Admiralty pursuant to Federal Rules of Civil Procedure Rule (9)(h) as it involves a policy of marine insurance.

3. The subject matter of this action is a Marine Cargo Policy bearing policy number B0799MC024570k and effective dates of September 30th, 2017 through and including September 30th, 2018 (hereinafter "the Subject Cargo

Policy"). A complete copy of the Subject Cargo Policy is attached hereto as Exhibit "A."

## THE PARTIES

4. The Underwriters subscribing to the Subject Cargo Policy are several syndicates at Lloyds of London, which include Newline Syndicate 1218, Barbican Syndicate 1955, Advent Syndicate 0780, and the consortium of syndicates designated as PCG 9146.

5. Syndicate PCG 9146 is comprised of Pioneer Syndicate 1980, Antares Syndicate 1274, XL Catlin Syndicate 2088, and Argo Global Syndicate 1200.

6. Each of these syndicates is, in turn, comprised of members of Lloyd's of London that subscribe to or provide the capital necessary to underwrite the Subject Cargo Policy.

7. None of the members-commonly referred to as Names-are citizens or residents of the state of Florida.

8. A Managing Agent manages each syndicate.

9. Each of the Managing Agents for each the syndicates that subscribe to the Subject Cargo Policy are corporate entities created under the laws of the United Kingdom, and all have their principal places of business in London, England.

10. Newline Corporate Name Limited is the sole member of Newline Syndicate 1218.

11. Newline Corporate Name Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

12. Barbican Corporate Member Limited is the only member of Barbican Syndicate 1955.

13. Barbican Corporate Member Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

14. Advent Capital No. 3 Limited is the sole member of Advent Syndicate 0780.

15. Advent Capital No. 3 Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

16. Liberty Corporate Capital Limited is the sole member of Pioneer 1980.

17. Liberty Corporate Capital Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

18. Antares Capital IV Limited, Antares Underwriting Limited, and Treimco Limited are the only members of Antares Syndicate 1274.

19. Antares Capital IV Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

20. Antares Underwriting Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

21. Treimco Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

22. China Re UK Limited is the sole member of XL Catlin Syndicate 2088.

23. China Re UK Limited is incorporated under the laws of the United Kingdom, with its principal place of business in London, England, and is therefore a subject of the United Kingdom.

24. Numerous individual Names make up Argo Global Syndicate 1200. These Names are the only members of Argo Global 1200. All of them are corporations incorporated under the laws of the United Kingdom, with their principal place of business in London, England. They are therefore subjects of the United Kingdom.

25. Upon information and belief, at all material times, FLORIDA BREWERY, INC. (hereinafter referred to as "Florida Brewery") is a corporation authorized and existing under the Laws of the State of Florida and does business in Auburndale, Florida.

26. Florida Brewery is producer of alcoholic and non-alcoholic beers, including the brand Pilsen Beer Polar.

27. Florida Brewery is the primary named assured on the Subject Cargo Policy at issue in this case.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 ·Facsimile: 305-379-3690

## JURISDICTION AND VENUE

28. This Court has admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, as the subject matter of this action involves a contract of wet marine insurance.

29. Venue is proper in the Middle District of Florida pursuant to 28 USC § 1391(a) because a substantial part of the events giving rise to the claim occurred in the district and the assured is located and performs its principal place of business in this district.

30. All proper and present interests are before the Court by proper process.

31. All conditions precedent to the initiation and maintenance of the action have been complied with, have occurred, or have been waived.

## THE UNDERLYING CARGO CLAIM

32. Florida Brewery brewed, processed, and packaged three (3) batches of Pilsen Beer Polar for its customer in Curacao, Licores Maduro B.V., on separate production dates in October and December of 2017.

33. The order was for 17,684 cases of beer containing twenty-four (24) 8oz. cans valued at USD 73,955.70.

34. The cases were loaded, stowed and secured into multiple shipping containers.

35. Florida Brewery's employees packaged the beer cases and loaded them in general purpose, dry box containers.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

36. The containers were shipped by motor truck carrier from the Florida Brewery's location to the port of loading, Port Everglades, Florida where they were tendered to the ocean carrier, King Ocean Services, Ltd.

37. Thereafter, the containers were loaded and transported to Willemstad, Curacao.

38. The transit time of the containers from Port Everglades to Curacao was six (6) days.

39. Following outturn, the containers were delivered to the intended consignee, Licores Maduro.

40. The deliver time from the port to the customer was 2-3 weeks.

41. From December 2017 to January 2018, Florida Brewery's customer distributed approximately 10,000 cans from the batches through normal outlets, after which complaints were raised regarding taste and drinkability of the beer.

42. Florida Brewery investigated the complaints raised, sent a member of the QC team to conduct taste tests, and confirmed the product did not meet their customer's quality standards.

43. The remaining shipment of beer was returned to Florida Brewery's facility in June of 2018 for further inspection prior to being discarded.

44. It is Florida Brewery's position that when the beer was sitting on the dock for days in Curacao and exposure to prolonged and excessive heat oxidized it, the taste and suitability for consumption was affected.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

45. The shipment at issue sat, in open storage, at the port in Curacao for a minimum of 2 weeks and potentially as much as 3 weeks.

46. The rate of beer ageing rises with an increases in storage temperature.

47. More specifically, 1 day at temperatures of 122 degrees or more is equivalent to 4 weeks of storage at room temperature.

48. Additionally, the temperature inside brown-painted general use containers, stored outdoors and exposed to ambient outdoor temperatures, causes the inside temperature of said containers to exceed 122 degrees F.

49. In short, exposure of canned beer to high temperatures over time correlates to a loss of shelf life, specifically loss of 4 weeks of shelf life per day.

50. This leads to unavoidable stale flavor/off taste conditions.

51. The subject shipment experienced a 448 day, or 64 week, loss of shelf life which exceeds the normal one-year shelf life of canned beer.

## RELEVANT POLICY WORDING

52. The policy states that the type of insurance provided was Marine Cargo Insurance.

53. The subject Cargo Policy contains the following condition:

Conditions:   All risks of physical loss or damage howsoever arising subject to:

> Institute Cargo Clauses (A) CL252 1.1.82 and/or Institute Cargo Clauses (Air) (excluding sendings by post) CL259 1.1.82.
>
> Duration of Voyage Clause
>
> Within the geographical limits of this policy, cover hereunder shall attach from the time the Assured

- 7 -

assumes an interest in and/or responsibility for the subject matter insured and continues uninterrupted, including transit, stock and location coverage until that interest and/or responsibility ceases.

Further including the risks of loading prior to and unloading after arrival of all transits hereunder.

54. The Policy included the following GENERAL CONDITION:

GENERAL CONDITIONS

Insufficiency of Packing Clause

In the event of a claim being made for loss or damage which is alleged to be caused by insufficiency or unsuitability of packing or preparation of the insured goods and/or merchandise and/or property, this insurer hereby agrees that it will not assert such alleged insufficiency or unsuitability as a defense against the claim in any case where the packing or preparation was carried out by a party other than the insured making the claim and the insufficiency or unsuitability arose without the insured's privity or knowledge.

For the purpose of this clause, "packing" shall be deemed to include stowage in a container, trailer, or rail car.

55. The Policy included the following exclusion:

INSTITUTE CARGO CLAUSES (A)

EXCLUSIONS

4. In no case shall this insurance cover:

4.3 loss damage or expense caused by insufficiency or unsuitability of packing or preparation for the subject-matter insured to withstand the ordinary incident of the insured transit where such packing or preparation is carried out by the Assured or their employees or prior to the attachment of this insurance (for the purpose of these Clauses "packing" shall be deemed to include stowage in a container and "employees" shall not include independent contractors).

4.5 loss damage or expense caused by delay, even though the delay be caused by a risk insured against (except expenses payable under Clause 2 above).

- 8 -

## THIS ACTION

56. There exists a bona fide actual present and practical need for the declaration of coverage as to a state of facts concerning the rights and obligations of Underwriters under the Subject Cargo Policy.

57. Underwriters and the Respondent, and each of them, have an actual, present, controversy in the subject matter described herein.

58. Underwriters is in doubt of its rights under the policy and, by this Petition, seeks a declaration of its rights and obligations with respect to the aforesaid claim and a finding by this Court that under the above-referenced policy of insurance, Underwriters has obligation to make any payment for said claim.

## COUNT I- FLORIDA BREWERY'S INSURABLE INTEREST HAD CEASED

59. Underwriters incorporates paragraphs 1-58 as if fully set forth herein.

60. The Policy's Duration of Voyage Clause dictates that "[w]ithin the geographical limits of this policy, cover hereunder shall attach from the time the Assured assumes an interest in and/or responsibility for the subject matter insured and continues uninterrupted, including transit, stock and location coverage until that interest and/or responsibility ceases."

61. Here, Florida Brewery's interest and responsibility in the cargo ceased upon delivery of the cargo to the ship at Port Everglades.

62. Alternatively, Florida Brewery's interest and responsibility in the cargo ceased upon delivery of the cargo by the carrier to the customer in Curacao.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

63. As such, there was no insurable interest under the Policy because the damage to the cargo occurred after it was shipped via carrier and off loaded in Curacao where it sat for 2-3 weeks.

64. Because there was no insurable interest at time of loss or damage to the cargo, the subject Marine Cargo Policy does not provide coverage.

## COUNT II- COVERAGE IS EXCLUDED DUE TO DELAY

65. Underwriters incorporates paragraphs 1-58 as if fully set forth herein.

66. The Policy excludes coverage for "loss damage or expense caused by delay, even though the delay be caused by a risk insured against."

67. Florida Brewery has confirmed that the 2-3 weeks the containers sat in the open in Curacao was unusual and not the normal amount of time.

68. Florida Brewery has made similar shipments to this customer, using the same dry storage containers, and it has been delivered to the customer without any drinkability problems.

69. The subject shipment experienced a 448 day, or 64 week, loss of shelf life which exceeds the normal one-year shelf life of canned beer.

70. The exposure to prolonged heat due to delay is an efficient proximate cause of the loss.

71. As a result, coverage for the subject loss or damage to cargo is excluded from coverage under the terms and conditions of the Subject Cargo Policy.

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 ·Facsimile: 305-379-3690

## COUNT III- COVERAGE IS EXCLUDED
## DUE TO INSUFFICIENCY OF PACKAGING

72. Underwriters incorporates paragraphs 1-58 as if fully set forth herein.

73. Coverage is excluded under the Policy for any "loss damage or expense caused by insufficiency or unsuitability of packing or preparation for the subject-matter insured to withstand the ordinary incident of the insured transit where such packing or preparation is carried out by the Assured…"

74. The use of standard containers caused ambient temperatures to increase beyond 122 degrees, causing expedited and increased loss of shelf life.

75. Said loss of shelf life caused the beer to become stale and undrinkable and therefore, unsaleable.

76. This loss of shelf life would have been avoided by use of reefer containers or other temperature controlled containers to control product temperatures and prevent heat damage during shipment.

77. Use of insufficient and unsuitable packaging in the form of standard containers rather than temperature controlled containers, was an efficient proximate cause of the subject loss.

78. As a result, coverage for the subject loss or damage to cargo is excluded from coverage under the terms and conditions of the Subject Cargo Policy.

WHEREFORE, Petitioner respectfully requests that this Court enter a final judgment in Underwriters' favor declaring that:

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690

    a.    The Subject Cargo Policy does not provide coverage for Florida Brewery's claim as Florida Brewery had no insurable interest in the shipment.

    b.    Delay and insufficient packaging were the efficient proximate cause of the loss or damage to the cargo and both causes are excluded under the Subject Cargo Policy.

    c.    Underwriters further request judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

Dated:  March 19, 2019

                                        Respectfully submitted,

                                        /s/ *Krista Fowler Acuña*
                                        Krista Fowler Acuña
                                        Fla. Bar No. 650791
                                        HAMILTON, MILLER & BIRTHISEL, LLP
                                        Attorneys for Petitioner
                                        150 Southeast Second Avenue, Suite 1200
                                        Miami, Florida 33131-2332
                                        Telephone:   305-379-3686
                                        Facsimile:    305-379-3690

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 19, 2019, I electronically filed the forgoing document with the Clerk of the Court using CM/ECF.

/s/ *Krista Fowler Acuña*
Krista Fowler Acuña

- 13 -

HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200 · Miami, Florida 33131 · Telephone: 305-379-3686 · Facsimile: 305-379-3690